BRADLEY D. PACK, SBA #023973
CELESTE TABARES, SBA #037324
**ENGELMAN BERGER, P.C.**
2800 NORTH CENTRAL AVENUE, SUITE 1200
PHOENIX, ARIZONA 85004

Ph: (602) 271-9090
Fax: (602) 222-4999
Email: bdp@eblawyers.com
Email: cdt@eblawyers.com

Attorneys for Arizona Financial Credit Union

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 13 |
|---|---|
| GARY EDWIN CAPOZZOLI, | Case No. 2:23-bk-05816-MCW |
| Debtor. | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |

Arizona Financial Credit Union fka Arizona Federal Credit Union ("AZFCU"), by and through undersigned counsel, hereby objects to confirmation of the *Chapter 13 Plan* (the "Plan") submitted by Gary Edwin Capozzoli ("Debtor"). The Plan violates 11 U.S.C. § 1325(a)(5) because it fails to provide for full payment with interest at the appropriate rate determined under *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), of AZFCU's secured claim with respect to Debtor's 2016 Honda Accord, VIN # 1HGCR3F98GA012719 (the "Vehicle").

This Objection is supported by the following Memorandum of Points and Authorities, the exhibits attached hereto, and the papers

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     FACTS**

    **A.     Jurisdiction and Venue.**

    1.     The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(F).

    2.     Debtor filed a voluntary petition commencing a Chapter 13 proceeding on August 23, 2023 (the "Filing Date").

### B. AZFCU's Claim.

3. On or about June 13, 2020, Debtor entered into a *Retail Installment Sale Contract* (the "Contract") with Earnhardt Cadillac Inc. ("Dealer") for the purchase of the Vehicle. Under the Contract terms, Debtor agreed to pay Dealer $28,020.24 over a period of 72 months at the Contract interest rate of 3.99%. A true and correct copy of the Contract is attached hereto as **Exhibit "A."**

4. AZFCU provided the financing for the purchase of the Vehicle and Dealer assigned AZFCU its rights under the Contract, including its lien on the Vehicle.

5. Upon information and belief, Debtor acquired the Vehicle for personal, family, or household purposes.

6. To secure payment of the Contract, Debtor conveyed a security interest in the Vehicle pursuant to the terms of the Contract. This security interest was perfected by notation on the Vehicle's certificate of title, as evidenced by the *Arizona Motor Vehicle Record* attached hereto as **Exhibit "B."**

7. The value of the Vehicle is no less than $14,292, as reflected in the Kelly Blue Book retail valuation for the Vehicle attached hereto as **Exhibit "C."**

8. As of the Filing Date, the amount due and owing to AZFCU under the Contract consisted of the principal amount of $13,231.85 and interest in the amount of $62.09. AZFCU is also entitled to accrued and accruing interest, costs, late charges, and attorneys' fees related to filing this Objection.

### C. The Proposed Plan Treatment of the Claim Filed by AZFCU.

9. Debtor has proposed a Plan duration of 60 months.

10. The Plan proposes payments to AZFCU on account of its lien on the Vehicle of $12,565 payable at 3.99% interest.

11. Debtor values the Vehicle at $12,565.

## II. THE PLAN DOES NOT MEET CONFIRMATION REQUIREMENTS WITH RESPECT TO AZFCU'S SECURED CLAIM

A creditor's claim is secured "to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C.A. § 506(a)(1). In a Chapter 13 case, "value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of filing the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean *the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined*." 11 U.S.C. § 506(a)(2) (emphasis added).

A Chapter 13 plan cannot be confirmed unless it provides that secured creditors shall retain their liens on the debtor's property and shall receive payments under the plan with a present value, as of the effective date of the plan, that is not less than the full amount of the creditor's allowed secured claim. 11 U.S.C. § 1325(a)(5).

The Plan violates § 1325(a)(5). Debtor conveyed a security interest in the Vehicle to secure payment of his obligations to AZFCU. Consequently, AZFCU holds a secured claim up to the value of the Vehicle. AZFCU's secured claim in this case is no less than $14,292. Because the Plan does not provide for payment of AZFCU's claim secured by the Vehicle, it cannot be confirmed. Pursuant to 11 U.S.C. § 506(b), AZFCU is entitled to accrued and accruing post-petition interest, costs, attorneys' fees, and other charges provided for under the terms of the Contract.

Additionally, when a Chapter 13 plan proposes that the debtor will retain the collateral and make payments on the secured claim over a period of time, "the amount of each installment must be calibrated to ensure that, over time, the creditor receives disbursements whose total present value equals or exceeds that of the allowed claim." *Till,* 541 U.S. at 469. This requires payment of interest at a rate equal to the prime rate plus an upward adjustment to account for the risk of default, taking into consideration factors such as "the circumstances

of the estate, the nature of the security, and the duration and feasibility of the reorganization plan." *Id.* at 479. The appropriate risk adjustment will generally fall between "1% to 3%." *Id.* at 480. "The *Till* analysis governs regardless of whether the contract rate of interest is less than the market prime rate." *In re Taranto*, 365 B.R. 85, 90 (B.A.P. 6th Cir. 2007); *see also In re Lyons,* 2009 WL 1324959, at *5 (Bankr. D. Ariz. May 13, 2009) ("there is no presumption in favor of the contract rate of interest, and there is no discussion of such a presumption in the *Till* decision. Instead, the Court adopts the Till formula approach, which directs courts to 'start[ ] from a ... low estimate and adjust upward....'").

As of the date of this Objection, the national prime rate is 8.50%. Given the lack of an equity cushion, the depreciating nature of the collateral, and the marginal feasibility of the Plan, AZFCU submits that an appropriate risk adjustment is no less than 3.0%. Thus, the interest rate to be paid on AZFCU's secured claim should be no less than 11.5% per annum.

Because the Plan does not provide for payments to AZFCU with a present value equal to its secured claim with respect to the Vehicle, the Plan does not satisfy 11 U.S.C. § 1325(a)(5) and should not be confirmed as presently proposed.

## III. CONCLUSION

The Plan cannot be confirmed as proposed pursuant to the requirements of 11 U.S.C. § 1325(a)(5). For the foregoing reasons, AZFCU respectfully requests that the Court deny confirmation of the Plan.

**DATED** this 26th day of October 2023.

**ENGELMAN BERGER, P.C.**

By */s/ Bradley D. Pack*
    Bradley D. Pack
    Celeste Tabares
    Attorneys for Arizona Financial Credit Union

ENGELMAN BERGER, P.C.
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004

**COPY** of the foregoing mailed (and e-mailed, where noted) this 26th day of October 2023 to:

Gary Edwin Capozzoli
4226 E. Morrow Drive
Phoenix, AZ 85050
*Debtor*

Jacob R. Goodman
Rock Law Firm
PO Box 28365
Tempe, AZ 85285-8365
jacob@rocklawaz.com
*Attorneys for Debtor*

Edward J. Maney
101 N. First Ave., Suite 1775
Phoenix, AZ 85003
service@maney13trustee.com
*Chapter 13 Trustee*

Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ 85003


*/s/ Cynthia Nesselrode*